PYLE, Judge,
concurring.
I concur with the result in my colleagues’ decision. However, I believe it is necessary to add an additional thought to footnote 2. In this case, the record reveals that the State sought to obtain a chemical analysis of the seized marijuana so that an expert could more conclusively identify it as such. The State was prevented from obtaining that analysis because Indiana State Police laboratory policy prohibits the testing of marijuana below a certain quantity.
While Indiana Supreme Court precedent allows the State to avoid this roadblock by having a law enforcement officer identify marijuana based upon his or her training and experience, the laboratory’s present policy prevents prosecutors, and deprives jurors, from considering expert testimony based on scientific principles used to identify marijuana. This is particularly impor *1001 tant because the State is required to prove, beyond a reasonable doubt, that an item alleged to be marijuana actually is marijuana. Additionally, jurors are instructed that proof beyond a reasonable doubt means that they be firmly convinced that the item is marijuana. When an expert testifies that an item has been examined macroscopically, microscopically, subjected to color tests, thin layer chromatography, and gas chromatography, his or her testimony goes a long way toward identifying an item as marijuana, beyond a reasonable doubt. Thus, increasing public confidence in Indiana’s criminal justice system.
The selection of the type of evidence to bring before a jury should, as much as possible, be unconstrained by administrative decisions, and jurors should be able to assume that the State endeavored to bring its best case to trial. There is likely a rational reason behind the laboratory’s policy, but this type of administrative decision impacts prosecutors, defense counsel, judges, jurors, and defendants. For these reasons, I would respectfully submit that the laboratory’s policy decision be reconsidered by our colleagues in the executive branch.